IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH R. BELL, individually and on behalf of all others similarly situated,<br>      Plaintiff,<br><br> vs.<br><br><br><br>ALLTEL COMMUNICATIONS, INC.;<br>DOES 1 THROUGH 10, INCLUSIVE,<br>      Defendants. | Civil Action No. 08-648<br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM ORDER

Plaintiff, Elizabeth R. Bell ("Bell"), on behalf of herself and all others similarly situated, commenced this action against defendant Alltel Communications, Inc. ("Alltel"), alleging that on August 9, 2007, Alltel provided Bell with an electronically printed receipt at the point of sale on which Alltel had printed out more than the last five digits of her credit card or debit card number and/or the expiration date of Bell's credit or debit card in violation of the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. §§ 1681, *et seq*. Bell alleges that Alltel knew of, or should have know of, and was informed of the FACTA's requirements concerning the truncation of credit and debit card numbers and the prohibition on printing expiration dates but nevertheless disregarded those requirements and, indeed, continues to do so thereby willfully violating the statute. See 15 U.S.C. § 1681n (Imposing civil liability on "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter ...").

On May 12, 2008, shortly after the complaint was filed, the parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), which contemplated a global resolution of this litigation. On June 3, 2008, however, approximately two weeks after the Settlement Agreement was entered into, Congress amended FACTA by enacting the Credit and

Debit Card Clarification Act of 2007, Pub. L. 110-241, § 3(a), 122 Stat. 1566 ("the Clarification Act"), which provides:

> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

Congress further clarified that the Act "shall apply to any action, other that an action which has become final, that is brought for a violation of 605(g) of the Fair Credit Reporting Act to which such amendment applies without regard to whether such action is brought before or after the date of the enactment of this Act." Id. at § b. It therefore appears that the statutory basis for at least some of the claims brought against Alltel in this litigation has been eliminated.

The impact of the Clarification Act on cases, like the instant case, where a settlement agreement had already been executed before the amendment was enacted, has been the subject of several cases within the Western District of Pennsylvania, and has resulted in divergent opinions.

In Ehrheart v. Verizon Wireless, C.A. No. 07-1165 (W.D. Pa. June 13, 2008) ("Ehrheart"), the parties had entered into a class wide settlement agreement which had already been preliminarily approved by Chief Judge Donetta W. Ambrose when the Clarification Act was enacted on June 3, 2008. Consequently, on June 9, 2008, Verizon filed a motion to vacate the court's order granting that approval. In an order dated June 13, 2008, Judge Ambrose granted Verizon's motion finding that the Clarification Act applied since she had not yet granted final approval of the settlement and that, because the Clarification Act eliminated the plaintiff's cause of action, she was precluded from proceeding under Rule 23, "in such manner as to find that the

proposed settlement is 'fair, adequate and reasonable.'" See Pl.'s Exh. 2: Opinion and Order dated June 13, 2008; Pl.'s Exh. 3: Opinion and Order dated July 25, 2008 (denying motion for reconsideration).

In contrast, in Colella v. University of Pittsburgh, ___ F. Supp. 2d ___, 2008 WL 2959936 (W.D. Pa. Aug. 4, 2008) ("Colella"), Judge Arthur J. Schwab, faced with the identical issue, not only declined to vacate the order granting preliminary approval of the settlement but granted the plaintiff's motion for final approval of the class settlement pursuant to Rule 23.[1] In so doing, Judge Schwab found that, notwithstanding the Clarification Act, the initial question was whether, applying basic principles of contract law, the parties entered into a binding agreement. Concluding that they had, he determined that the settlement agreement was enforceable, "unless there is something in the Credit and Debit Card Receipt Clarification Act amending 15 U.S.C. § 1681c(g) or inherent in the non-finality of class action settlements pending a district court's Rule 23 review and approval that permits or compels a court to disregard an otherwise binding and enforceable settlement agreement between the parties." Id. at *5. Noting that the settlement could not possibly be interpreted as a judicial determination or an admission by defendant that it had been in willful noncompliance of FACTA, and that changes in the law after settlement do not provide grounds for rescission of an otherwise binding settlement agreement, Judge Schwab concluded that the Clarification Act offered no impediment to parties' ability to negotiate binding settlement agreements or judicial authority to enforce such settlements made before the Clarification Act became effective. Id. at *7. In addition, finding that final approval of the settlement agreement, as is required under Rule 23, is designed to

---

[1] Judge Schwab issued an almost identical opinion several weeks later in Hughes v. InMotion Entertainment, 2008 WL 3889725 (W.D. Pa. Aug. 18, 2008).

3

assure the fairness and adequacy of the of the settlement for absent class members or those who have not participated in shaping the settlement, and not to the defendant corporation which was represented in the class action, Judge Schwab also concluded that the agreement was binding on the parties notwithstanding the fact that final approval had not yet been granted. Id. at *9.

Based on these competing views and the fact that Bell's counsel, who also represents Ehrheart in the case before Judge Ambrose, represented in a status conference in this case that he intends to appeal Judge Ambrose's order vacating approval of the settlement agreement as soon as a final judgment order is entered in that case, Alltel has filed the instant motion in which it seeks to stay these proceedings pending the outcome of that appeal.[2]

> A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Jones v. Clinton, 137 L. Ed. 2d 945, 968 (1997). The purpose of this power is to promote "economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." In re Residential Doors Antitrust Litig., 900 F. Supp. 749, 756 (E.D. Pa.1995) (quoting Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir.1967)).

Peerless Wall and Window Coverings, Inc. v. Synchronics, Inc., 1998 WL 906542, at *1 (W.D. Pa. 1998). See United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994) ("The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication"). A stay, however, is an "extraordinary measure," which should only be entered where the moving party has offered "compelling reasons" to do so. Stadler v.

---

[2]Bell has also filed a motion asking the court to enforce the settlement agreement arguing that, irrespective of the change in the law or the fact that the court has yet to assess the fairness and reasonableness of and/or approve the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) ("Rule 23"), Alltel has entered into a binding and enforceable agreement. That motion is the subject of a Report and Recommendation filed simultaneously with this Memorandum Order in which it has been recommended, based on Judge Schwab's analysis in Colella, that the motion to enforce the settlement be granted.

4

McCulloch, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995), quoting United States v. Breyer, 41 F.3d at 893. See S. Freedman and Co. Inc. v. Raab, 2008 WL 4534069, at *2 (D.N.J. 2008), quoting Landis v. North American Co., 299 U.S. 248, 255 (1936) ("The burden is on the party requesting the stay to 'make out a clear case of hardship or inequity in being required to go forward ...'").

Alltel encourages the court to exercise its discretion and enter a stay in this case arguing that it will eliminate "a strong risk" that the litigants, counsel and the class members will face unnecessary burdens, as well as the risk that settlement approval will be in contravention of an appellate ruling.

Bell counters arguing that because judgment has not yet been entered in Ehrheart, the outcome in that case, including any appellate considerations, is uncertain and points out -- correctly so -- that the cases relied upon by Alltel for the proposition that a stay may be granted in one case pending resolution of an appeal in another case involving the same legal issue, are cases in which the issue was already on appeal. See Avocados Plus Inc. v. Johanns, 421 F. Supp. 2d 45 (D.D.C. 2006); Freudberg v. Household International, Inc., 2006 WL 328406 )(E.D. Pa. Feb. 8, 2006).

The court notes at the outset that on September 25, 2008, after the parties filed their briefs in this matter, judgement was entered in Ehrheart, although, to date, no appeal has been filed. See Ehrheart, C.A. No. 07-1165, Dkt. 61. Even if an appeal is filed in the next week or ten days, however, it could still take several years before a decision is rendered by the Court of Appeals. While the court is cognizant of the possibility that the Court of Appeals for the Third Circuit may uphold Judge Ambrose's ruling in Ehrheart, for the reasons set forth in the Report and Recommendation filed simultaneously with this Memorandum Order recommending that

5

Bell's motion to enforce the settlement be granted, the court does not find the risk sufficiently likely to stay this action for such an extended period of time.

Further, although proceeding with the settlement in this case -- one which Alltel acknowledges it voluntarily entered into -- will require the parties to expend a certain amount of time and money, as proceeding with any case would, it does not appear that the burden is so onerous as to require the court to take the extraordinary measure of staying the case. Indeed, the process as described by Alltel boils down to sending out a notice to class members, which has apparently already been drafted by Bell's counsel and forwarded to Alltel to make any proposed changes, and asking class members to either fill out a claim certification form or request exclusion. See Defendant's Reply Memorandum, p. 2 [Dkt. 29]. See also Plaintiff's Motion to Enforce Class Action Settlement Agreement, ¶ 8 [Dkt. 20]; Plaintiff's Reply Brief in Support of Motion to Enforce Class Action Settlement Agreement, p. 1 [Dkt. 28].

Under these circumstances, the court declines to exercise its discretion and enter a stay in this matter. Accordingly,

IT IS HEREBY ORDERED that defendant's Motion to Stay the Proceedings Pending Appeal in Related Case [Dkt. 18] is DENIED.

By the Court,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 17 October, 2008

cc: All counsel of record by Notice of Electronic Filing